*Chacon-Brito v. Bondi*

BIA
Ling, IJ
A220 583 126/127/128

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand twenty-five.

PRESENT:
SUSAN L. CARNEY,
RICHARD J. SULLIVAN,
BETH ROBINSON,
*Circuit Judges.*

_____

RUTH LORENA CHACON-BRITO,
C.A. M.-C.,
A. V. M.-C.,
*Petitioners*,

v.                                                          23-7966
                                                            NAC
PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
*Respondent.**

_____

* The Clerk of Court is respectfully directed to amend the caption as reflected above.

**FOR PETITIONERS:** Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jeffrey R. Leist, Senior Litigation Counsel; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ruth Lorena Chacon-Brito and her minor children, natives and citizens of Ecuador, seek review of a November 9, 2023, decision of the BIA affirming a July 27, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chacon-Brito*, Nos. A 220 583 126/127/128 (B.I.A. Nov. 9, 2023), *aff'g* Nos. A 220 583 126/127/128 (Immig. Ct. N.Y.C. July 27, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir.

2

2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition because Chacon-Brito has failed to sufficiently challenge dispositive grounds for the agency's decision.

**I.     Asylum and Withholding of Removal**

An applicant for asylum and withholding of removal has the burden to establish past persecution, or a well-founded fear or likelihood of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) (the "one central reason" standard applies to both asylum and withholding of removal). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). "'[U]nfulfilled threats alone' rarely qualify as persecution. Instead, an applicant must show that the threat was 'imminent or concrete' or 'so menacing as itself to cause actual suffering or harm.'" *KC v. Garland*, 108 F.4th 130, 135 (2d Cir. 2024) (citations omitted). When an applicant asserts a particular social group as the protected ground, she

3

must establish both that the proposed particular social group is cognizable and that the persecutor was or will be motivated by her membership in the group. *See Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014). Finally, "[t]o qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal quotation marks omitted).

Chacon-Brito has abandoned review of the agency's findings that her past harm did not rise to the level of persecution, that she did not establish a nexus to a protected ground, and that she failed to show that the government was unable or unwilling to protect her from the people who threatened her and demanded money. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (internal quotation marks omitted). Chacon-Brito's brief does not address the past persecution finding, and her passing references regarding the motive for the threats and demands for money and the government's ability to protect her are insufficient to preserve those issues for review. *See Yueqing Zhang v. Gonzales*, 426

4

F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned where brief "devote[d] only a single conclusory sentence to" it). Finally, her argument that the agency applied the wrong legal standard for withholding of removal is misplaced. As noted above, the "one central reason" standard applies to both asylum and withholding of removal. *See Garcia-Aranda*, 53 F.4th at 757.

**II.    CAT Relief**

A CAT applicant has the burden to show she will "more likely than not" be tortured, and that such torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see also id.* § 1208.18(a)(7) (defining acquiescence). Chacon-Brito's argument that the agency erred in requiring proof of acquiescence, because she only had to show the Ecuadorian government would be unwilling or unable to protect her, is contrary to the regulations. *Id.* § 1208.18(a)(1), (7); *see also Scarlett*, 957 F.3d at 336 (leaving it to BIA on remand to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture under the CAT"); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of removal; the

5

potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence."). She has otherwise abandoned her CAT claim: aside from a conclusory statement without citation, she does not argue that any Ecuadorian official would acquiesce in her torture, or that such torture is more likely than not to occur. *See Debique*, 58 F.4th at 684; *Garcia-Aranda*, 53 F.4th at 758–59 (analysis of a CAT claim involves a two-step inquiry requiring a showing of both likely torture and government acquiescence).

For the above reasons, the petition for review is DENIED.

A copy of this order will be forwarded to this Court's Grievance Panel. As explained above, the brief, filed by Chacon-Brito's counsel Michael Borja, fails to address multiple dispositive issues, thereby dooming Chacon-Brito's appeal. Instead, it primarily argues that the proposed social group is cognizable, which is not at issue because the agency deemed it cognizable.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court