23-7885
*Suescum-Mora v. Bondi*

BIA
Drucker, IJ
A220 249 985/986/987

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

**DAYANA PAULETTE SUESCUM-MORA, M.N.A-S., I.M.A-S,**[*]
> *Petitioners*,

> v.                                                 **23-7885**
>                                                    **NAC**

_____

[*]  We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,**
          *Respondent.*

_____

FOR PETITIONERS:          Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant Attorney General; Edward E. Wiggers, Senior Litigation Counsel; Duncan T. Fulton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Dayana Paulette Suescum-Mora and her two minor children, all natives and citizens of Ecuador, seek review of an October 30, 2023 decision of the BIA, affirming a February 8, 2023 decision of an Immigration Judge ("IJ"), which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Suescum-Mora*, Nos. A 220 249 985/986/987 (B.I.A. Oct. 30, 2023), *aff'g* Nos. A 220 249 985/986/987 (Immigr. Ct. N.Y.C. Feb. 8, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard," and we review questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Suescum-Mora does not address the IJ's findings—adopted by the BIA—that she did not meet her burden of proof because her testimony that a man threatened her after she witnessed him committing a robbery was not sufficiently persuasive and she did not otherwise corroborate her claims, and that the country conditions evidence did not independently establish likely torture.[1] She has thus abandoned review of these issues. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks and citation omitted)).

---

[1] We principally refer to Suescum-Mora because her children's applications relied on her affidavit.

Although the Government proffers other grounds for denying the petition, these abandoned issues are dispositive because the claims for asylum, withholding of removal, and CAT relief all relied on the same facts. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."); *Pinel-Gomez v. Garland*, 52 F.4th 523, 529 (2d Cir. 2022) ("In some cases, an applicant must provide corroborating evidence because the applicant's testimony, although credible, is not sufficient on its own."); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that an applicant who fails to show the "chance of persecution required for the grant of asylum . . . necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal and the more likely than not to be tortured standard required for CAT relief" (internal quotation marks and citation omitted)).

In any event, we agree with the Government that there was no error in the IJ's alternative findings. An applicant for asylum or withholding of removal has the burden to demonstrate past persecution or a fear of future persecution and that

4

a protected ground—here, membership in a particular social group—"was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard also applies to withholding of removal).[2] To constitute persecution, abuse must be inflicted by government officials or by actors the government is "unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quoting *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015)).

The IJ found that Suescum-Mora's proposed particular social group of "female witnesses to armed robbery" was not cognizable, that precedent recognizing particular social groups of people who publicly cooperate with law enforcement was inapplicable because Suescum-Mora did not cooperate publicly, and that she was threatened because the robber she witnessed wanted to avoid apprehension, not because of her membership in a group. Her arguments here do not relate to the particular social group in which she claims membership, (*i.e.*, female witnesses to robbery), but rather to a group defined by its members'

---

[2] Suescum-Mora's argument that a different nexus standard applies to her withholding claim overlooks this binding precedent.

cooperation with law enforcement. Suescum-Mora argues that people who openly cooperate with a criminal investigation are a cognizable group, but she does not identify evidence contradicting the IJ's conclusion that she was not a member of such a group—*i.e.*, she filed a report with the police but did not otherwise cooperate publicly or establish that anyone else knew of the report. Even if Suescum-Mora were a member of a cognizable particular social group, she has not established a nexus: she argues that she was targeted because she defied criminals but does not explain how the record contradicts the agency's conclusion that the robber's motive in threatening her was simply to avoid punishment. *See Quituizaca*, 52 F.4th at 114–16 (holding that the record did not compel the conclusion that a protected ground was "one central reason" for gang abuse when circumstances suggested that the gang was motivated by ordinary criminal incentives).

Further, substantial evidence supports the agency's conclusion that the Ecuadorian government was not unwilling or unable to protect Suescum-Mora because she testified that the police intended to arrest the robber and took significant steps to locate him (including by offering a reward), and the record is silent as to whether these efforts were successful after she left Ecuador in 2021, less

6

than a week after she filed her initial report. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Suescum-Mora's arguments that the government was responsible for her abuse because of its inaction and corruption, and that her "last attempt to get help from the police led to further persecution," are contrary to her testimony and unsupported by record citation. Petitioners' Br. at 8; *see also id.* at 12–13.

Finally, Suescum-Mora's CAT claim fails. A CAT applicant must establish that she will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Acquiescence requires that "the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7).

The agency found that Suescum-Mora's unpersuasive and uncorroborated testimony failed to satisfy her burden to show likely torture, and that the country conditions evidence and testimony about the police (even if credited) did not

7

demonstrate likely torture with government acquiescence. Her arguments here concern the state-action requirement, but do not address the likelihood of harm rising to the level of torture. Accordingly, she has abandoned that dispositive issue. *See Debique*, 58 F.4th at 684; *Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (describing CAT analysis as a "two-step inquiry" requiring likely torture and "sufficient state action").

Moreover, Suescum-Mora's state-action argument is meritless. Contrary to her position, the regulations define torture "as any act by which severe pain or suffering . . . is intentionally inflicted . . . by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Suescum-Mora's argument for applying the unwilling-or-unable-to-assist standard for asylum and withholding of removal is unsupported. *See Scarlett*, 957 F.3d at 336 (leaving it to the BIA on remand to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture"); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of removal; the

8

potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence.").

Given the defects in briefing by petitioners' counsel, Michael Borja, a copy of this order will be forwarded to the Grievance Panel. As outlined above, the brief fails to address dispositive issues, lacks record citations as required by Federal Rule of Appellate Procedure 28(a), and misstates the record and relevant legal standards.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court