Caguana-Ilbay v. Bondi

BIA
Lazare-Raphael, IJ
A220 969 469/470

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-six.

PRESENT:
> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> > *Circuit Judges.*

_____

ERIKA MARLENE CAGUANA-ILBAY,
I.S.C.-C.,
> *Petitioners,*

> v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.\**

23-7970
NAC

_____

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above to omit

_____

FOR PETITIONERS:        Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:      Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Erika Marlene Caguana-Ilbay and her minor child, natives and citizens of Ecuador, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Erika Marlene Caguana-Ilbay, et al.*, Nos. A220 969 469/470 (B.I.A. Nov. 9, 2023), *aff'g* Nos. A220 969 469/470 (Immigr. Ct. N.Y. City Dec. 2, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

---

the name of Petitioner Caguana-Ilbay's minor child.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard," and questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a well-founded fear (asylum) or likelihood (withholding) of future persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). Although it "includes more than threats to life or freedom and extends to non-life-threatening violence and physical abuse," *KC v. Garland*, 108 F.4th 130, 135 (2d Cir. 2024) (internal quotation marks omitted), it must rise above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006). And where, as here, an applicant includes a claim of economic harm, the harm constitutes persecution only if there was "a deliberate imposition of substantial economic disadvantage."

3

*Guan Shan Liao v. U.S. Dep't of Just.*, 293 F.3d 61, 70 (2d Cir. 2002) (internal quotation marks omitted); *see also Matter of T-Z-*, 24 I. & N. Dec. 163, 173 (B.I.A. 2007) ("Persecution requires a showing of more than mere economic discrimination. The economic difficulties must be above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts. Rather, the harm must be of a deliberate and severe nature and such that is condemned by civilized governments.") (internal quotation marks and citations omitted).

The BIA determined that "the discrimination and harassment [Caguana-Ilbay] experienced and fears upon her return do[] not rise to the level of persecution." Certified Admin. Record at 4. Caguana-Ilbay's brief does not address this dispositive finding and instead makes unrelated arguments that misstate the record. Accordingly, she has abandoned review of the grounds for the agency's denial of asylum and withholding of removal. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment.") (internal quotation marks omitted). Even if we were to reach the issue, the record reflects harassment and

4

employment discrimination, but no physical harm or economic deprivation rising to the level of persecution. She had a job in Ecuador, her family members are employed, and the country conditions evidence reflects discrimination against indigenous communities, but not persecution. *See Ivanishvili*, 433 F.3d at 341; *Guan Shan Liao*, 293 F.3d at 70.

Petitioner has also failed to meaningfully address the agency's denial of her CAT claim. *See Debique*, 58 F.4th at 684. She states that the agency erred in requiring her to show government acquiescence to torture to state a CAT claim, but that is the standard required by regulation. *See* 8 C.F.R. § 1208.18(a)(1). The unable-or-unwilling-to-protect standard that she asserts applies to her CAT claim is the standard for asylum and withholding of removal, not CAT relief. *See Scarlett v. Barr*, 957 F.3d 316, 336 (2d Cir. 2020) (remanding to BIA to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture"); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of removal; the potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove

5

acquiescence."). Caguana-Ilbay's unsupported statement that the "government did nothing but exacerbate the issue," Br. at 11, does not establish that the record compels a conclusion contrary to the agency's, as there was no past torture or indication of future harm rising to the level of torture. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled . . . [a] finding different from that reached by the agency.").

In addition to abandoning any challenges to the grounds the agency relied on to deny relief, the brief misstates facts, such as stating that the petitioners were attacked, and addresses findings the agency did not make, such as challenging the denial of the asylum claim as untimely. Given the defects in briefing by petitioners' counsel, Michael Borja, a copy of this order will be forwarded to the Grievance Panel.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6