23-8069
Cedillo Murillo v. Bondi

BIA
Norkin, IJ
A220 856 513/514

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

PRESENT:
> GERARD E. LYNCH,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

JONNATHAN EDUARDO CEDILLO
MURILLO, B.V.C.G.,
> *Petitioners,*

v.                                        23-8069
                                          NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.**

_____

\* The Clerk of Court is respectfully directed to amend the official case caption to conform to the caption above.

_____

FOR PETITIONERS:          Perham Makabi, Kew Gardens, NY.

FOR RESPONDENT:          Brian Boynton, Principal Deputy Assistant
                         Attorney General; Paul Fiorino, Senior
                         Litigation Counsel; Virginia Lum, Trial
                         Attorney, Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jonnathan Eduardo Cedillo Murillo and his minor daughter, natives and citizens of Ecuador, seek review of a November 21, 2023, decision of the BIA affirming a February 6, 2023, decision of an Immigration Judge ("IJ") denying Cedillo Murillo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Cedillo-Murillo, et al.*, Nos. A 220 856 513/514 (B.I.A. Nov. 21, 2023), *aff'g* No. A 220 856 513/514 (Immig. Ct. N.Y. City Feb. 6, 2023).   We assume the parties' familiarity with the underlying facts and procedural history.

Cedillo Murillo challenges only the denial of CAT relief.   "Where, as here, 'the BIA adopt[s] and affirm[s] the IJ's decision, we review the two decisions in

tandem.'" *Ojo v. Garland*, 25 F.4th 152, 159 (2d Cir. 2022) (alterations in original), quoting *Ruqiang Yu v. Holder*, 693 F.3d 294, 297 (2d Cir. 2012). "[W]e apply the substantial evidence standard to questions of fact . . . and *de novo* review to all questions of law." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

A CAT applicant has the burden to establish that he or she will "more likely than not . . . be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture" is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as . . . punishing him or her for an act he or she or a third person has committed or is suspected of having committed, intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (describing the CAT analysis as a "two-step inquiry" requiring

3

that it be more likely than not that the petitioner will be subjected to the requisite level of harm and "sufficient state action").

Cedillo Murillo testified that he was robbed four times by money lenders to whom he owed money and that he reported at least the second robbery to the local prosecutor, who responded that the value of the stolen property was insufficient to prosecute. Moreover, he testified to having told police officers that he was being threatened by the lenders and that the officers responded that they needed more evidence to initiate an investigation. That testimony allows the inference that if Cedillo Murillo had provided concrete evidence that the lenders were escalating beyond threats, the police would have acted. *See* 8 C.F.R. § 1208.18(a)(7) ("Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."). Additionally, the evidence in the record of non-violent corruption— e.g., facilitation of drug and gold trafficking, embezzlement, or bribery over awards of government contracts—does not itself create a likelihood that Ecuadorian officials would acquiesce in Cedillo Murillo's torture by money lenders. *See Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he potential

4

for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence."). On the contrary, there is evidence that Ecuador has made efforts to crack down on loan sharks. Thus, the record does not compel a conclusion that Ecuadorian officials are likely to acquiesce to Cedillo Murillo's torture. *See Quintanilla-Mejia*, 3 F.4th at 593–94 ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled an acquiescence finding different from that reached by the agency.").

As the acquiescence finding is dispositive of CAT relief, we do not reach Cedillo Murillo's arguments regarding the likelihood of future harm rising to the level of torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Nor did the BIA err in declining to specifically address each of Cedillo Murillo's arguments on appeal. The BIA is not obligated to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted).

We have considered Cedillo Murillo's remaining arguments and find them

5

to be without merit.  For the foregoing reasons, the petition for review is

DENIED.  All pending motions and applications are DENIED and stays

VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court