23-8030
Miranda-Santa Fe v. Bondi

BIA
Drucker, IJ
A220 446 847, 220 957 749 & 216 700 760/761

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-six.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

JUAN ORLANDO MIRANDA-SANTA FE, MONICA PATRICIA ROLDAN-AYNAGUANO, B.O.M.-R., E.M.M.-R.,[*]
> *Petitioners,*

v.

23-8030
NAC

_____

[*] We refer to the minor petitioners by their initials only in this publicly accessible order.

**TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,**[†]

       *Respondent.*

_____

FOR PETITIONERS:          Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:          Brian Boynton, Principal Deputy Assistant Attorney General; Corey L. Farrell, Senior Litigation Counsel; Sarah L. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Juan Orlando Miranda-Santa Fe ("Miranda"), Monica Patricia Roldan-Aynaguano, and their minor children, all natives and citizens of Ecuador, seek review of a November 16, 2023 decision of the BIA affirming an August 23, 2022 decision of an Immigration Judge ("IJ") denying Miranda's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Miranda-Santa Fe,* Nos. A 220 446 847, 220 957 749 & 216 700

---

[†] The Clerk of Court is directed to amend the caption as set forth above.

[1] We principally refer to Miranda because the remaining petitioners were derivative beneficiaries of his asylum claim and did not file independent

760/761 (B.I.A. Nov. 16, 2023), *aff'g* Nos. A 220 446 847, 220 957 749 & 216 700

760/761 (Immig. Ct. N.Y. City Aug. 23, 2022).   We assume the parties' familiarity

with the underlying facts and procedural history.

We review the IJ's decision as modified and supplemented by the BIA.[2]   *See*

*Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v.*

*Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).   We review factual findings "under the

substantial evidence standard," and we review questions of law and the

application of law to fact *de novo*.   *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir.

2018).   "[T]he administrative findings of fact are conclusive unless any reasonable

---

applications for relief.

[2] Miranda's arguments about the severity of past harm are outside the scope of our review because the BIA did not—and was not required to—reach that issue after affirming on alternative dispositive grounds.   *See Xue Hong Yang*, 426 F.3d at 522; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").   His arguments about nexus to a protected ground for asylum and withholding of removal are misplaced because the agency did not deny relief on that basis.   And contrary to his assertion here, no relief was denied based on the late filing of an application or supporting evidence.   We note that his arguments on these issues misrepresent the record and overlook relevant authority.   *See Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (applying asylum's "one central reason" nexus standard to withholding of removal).

3

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To be eligible for asylum or withholding of removal, Miranda must demonstrate past persecution or a well-founded fear or likelihood of future persecution on account of a protected ground. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "To qualify as persecution, the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (citation modified). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (citation modified).

Before the agency, Miranda alleged harm by former classmates, coworkers, bosses, and unknown assailants. He did not allege that these people were government actors, and he testified that he never reported abuse to the police. Generally, an applicant's "failure to report harm is not necessarily fatal to a claim

4

of persecution if the applicant can demonstrate that reporting private abuse to government authorities would have been futile or dangerous." *Matter of C–G–T–*, 28 I. & N. Dec. 740, 743 (B.I.A. 2023) (citation modified); *cf. Pan v. Holder*, 777 F.3d 540, 544–45 (2d Cir. 2015) (declining to "decide whether [an applicant's] unwillingness to confront the police is fatal to his asylum claim" where the agency "ignored ample record evidence tending to show that the . . . police were unwilling to investigate the abuse suffered").

Miranda, however, advances only a cursory argument that Ecuadorian authorities are too corrupt or too afraid of his abusers to intervene; he does not identify evidence supporting that conclusion. He testified that he did not report the most serious assault – when an unknown assailant attacked him from behind – because he was incapacitated until long after the incident, not because the police had refused to help or would have refused to help if asked. *See Scarlett*, 957 F.3d at 331 ("[T]he unwilling-or-unable standard requires an applicant to show more than government failure to act on a particular report of an individual crime, or difficulty controlling private behavior." (citation modified)). Moreover, the country conditions evidence does not support a conclusion that the authorities fail to respond to violent crimes against indigenous Ecuadorians.

5

On this record, the agency was not required to conclude that the government was unable or unwilling to protect Miranda.[3] *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires [the Court] to ask only whether record evidence compelled . . . [a] finding different from that reached by the agency."); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). We therefore conclude that substantial evidence supported the agency's decisions to deny asylum and withholding of removal.

For similar reasons, we conclude that there was no error in the denial of CAT relief. An applicant for CAT protection has the burden to demonstrate that

---

[3] The agency also found that Miranda failed to establish that he could not reasonably relocate within Ecuador to avoid persecution. We do not reach that determination because the state-action finding is dispositive of the requests for asylum and withholding of removal. *See Bagamasbad*, 429 U.S. at 25. Moreover, any challenge to the relocation finding is both unexhausted and abandoned because Miranda did not address it before the BIA and does not address it or the BIA's waiver determination here. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (noting that issues not raised in petitioner's brief are abandoned).

it is "more likely than not," 8 C.F.R. § 1208.16(c)(2), that he will be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity." *Id.* § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7); *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (explaining that acquiescence to torture requires "that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it").

Miranda asserts that unspecified evidence shows that that the government "exacerbate[d]" his problems, but he does not identify relevant evidence, and as noted above, he did not testify that the government knew of or was responsible for the past abuse. Petitioners' Br. at 11. Miranda otherwise argues that the agency erred in requiring a showing of government acquiescence to torture, but he fails to acknowledge the binding case law explaining that torture requires government acquiescence. *Khouzam*, 361 F.3d at 171; *see also* 8 C.F.R. § 1208.18(a)(1); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence."). Miranda's argument that the agency

7

failed to consider his CAT claim is belied by the record, which includes explanations from the IJ and BIA for the denial of his claim.

Given the deficiencies in briefing by Miranda's attorney, Michael Borja, a copy of this order will be forwarded to the Grievance Panel. In addition to the issues previously identified, we note that the brief makes unsupported claims about the record by repeating language appearing in briefs submitted by Borja in unrelated cases.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court