Guarchaj-Guachiac v. Blanche

BIA
Reid, IJ
A220 320 400/347

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-six.

PRESENT:
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> BETH ROBINSON,
>> *Circuit Judges.*

_____

MARIA DOMINGA GUARCHAJ-GUACHIAC, J.G.-G.,
>> *Petitioners,*

v.                                                                          **24-128**
                                                                             **NAC**

TODD BLANCHE, UNITED STATES ACTING ATTORNEY GENERAL,
>> *Respondent.*\*

_____

_____

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR PETITIONERS:          Michael Borja, Esq., Borja Law Firm, P.C.,
                          Jackson Heights, NY.

FOR RESPONDENT:           Brian M. Boynton, Principal Deputy Assistant
                          Attorney General; Jeffery R. Leist, Senior
                          Litigation Counsel; Kathleen Kelly Volkert,
                          Trial Attorney, Office of Immigration
                          Litigation, United States Department of
                          Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Dominga Guarchaj-Guachiac and her minor son, natives and citizens of Guatemala, seek review of a December 18, 2023, decision of the BIA affirming a June 21, 2023, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Guarchaj-Guachiac, et al.,* Nos. A 220 320 400/347 (B.I.A. Dec. 18, 2023), *aff'g* Nos. A 220 320 400/347 (Immig. Ct. N.Y. City June 21, 2023).  We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Just.,* 426 F.3d 520, 522 (2d Cir. 2005); *Yan*

*Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review "the entirety of the agency's conclusions—both the underlying factual findings and the application of the INA to those findings—for substantial evidence," but review pure questions of law de novo. *See Urias-Orellana v. Bondi*, 146 S. Ct. 845, 849 n.1, 851 (2026). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

When the BIA determines that an issue has been waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived." *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015). Moreover, "[w]e consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted).

Here, Guarchaj-Guachiac alleged past persecution by armed raiders from a neighboring town on account of her political opinions and landowner status, and persecution of her son on account of his relation to her.

The BIA found that Guarchaj-Guachiac waived dispositive grounds for the IJ's denial of relief by not raising them on appeal: (1) the denial of her asylum

claim as time-barred; (2) the denial of withholding of removal for failure to establish   (a) nexus harm—that is, that she was harmed *on account of* a protected ground (political opinion or a family-based social group) and (b) that the Guatemalan government was unwilling or unable to protect her; and (3) the denial of CAT relief for failure to establish a likelihood of future torture upon return to Guatemala or that any such torture would be inflicted by or at the instigation of the Guatemalan government.   *See* 8 U.S.C. §§ 1158(a)(2)(B), (D) (stating that an applicant is ineligible for asylum "unless . . . the application has been filed within 1 year" after the applicant's last entry, absent "changed" or "extraordinary" circumstances); 8 C.F.R.  § 1208.16(c)(2) ("The burden of proof is on the applicant . . . to establish that it is more likely than not that [she] would be tortured if removed."); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that a withholding applicant must show that a protected ground was or will be "one central reason" for the persecution); *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) ("To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." (quotation marks omitted)).

4

Guarchaj-Guachiac fails to address these waiver findings in her brief here and thus abandons any challenge to dispositive grounds for the BIA's decision. *See Prabhudial*, 780 F.3d at 555–56; *Debique*, 58 F.4th at 684.

She also abandons review of the BIA's determination that she did not establish a nexus between the harm and her landowner status. She states that the IJ found such a nexus and that the record clearly demonstrates harm on account of her land ownership. However, the IJ specifically found that the raiders targeted Guarchaj-Guachiac simply because they wanted the land she was on without regard to her status as a landowner. The conclusory statements in Guarchaj-Guachiac's brief have no citation to case law or the record, and she offers no further argument that the agency erred in its nexus analysis. *See Debique*, 58 F.4th at 684; *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding argument abandoned where petitioner's brief "devote[d] only a single conclusory sentence to [it]").

As to the arguments raised here, the agency did not apply the wrong legal standard because withholding of removal has the same nexus requirement as asylum. *See Quituizaca*, 52 F.4th at 107 ("Both forms of relief require the applicant to establish a nexus between a statutorily protected ground in the INA . . . and the

feared persecution."). Additionally, Guarchaj-Guachiac's argument that the agency erred in requiring proof of government acquiescence to torture in order to state a CAT claim is contrary to the CAT regulations. *See* 8 C.F.R. § 1208.18(a)(1) (expressly requiring proof of harm "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity"); *see also Scarlett*, 957 F.3d at 336 (leaving it to BIA on remand to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture under the CAT"); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of removal; the potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence.").

The Petitioner's briefing overwhelmingly consists of conclusory statements with insufficient factual support from the record and lacking citations to legal authority. Where the briefing manages to include facts and laws, they are often misstated. Further, and most significantly, as explained above, the brief fails to address dispositive issues. Petitioner's counsel, Michael Borja, repeats verbatim

6

an argument—which we have previously rejected—from his other cases that the nexus requirement for withholding of removal is less stringent than that for asylum. *See, e.g.*, *Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401, at *1 n.1 (2d Cir. Oct. 3, 2023) (summary order). Likewise, we have rejected as unsupported and insufficiently argued Mr. Borja's assertion that CAT relief does not require acquiescence. *See, e.g.*, *Sinchi-Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at *2 (2d Cir. Nov. 6, 2024) (summary order); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *2 n.5 (2d Cir. Sept. 30, 2025) (summary order). Given the defects in briefing by Mr. Borja, a copy of this order will be forwarded to this Court's Grievance Panel.[1]

---

[1] Petitioners may seek to file with the BIA a motion to reopen removal proceedings based on ineffective assistance of counsel before the IJ or the BIA. We express no opinion as to whether Petitioners have potentially successful claims for asylum, withholding of removal, or protection under the CAT if the BIA does reopen the proceedings, nor as to whether this case would warrant equitable tolling of the deadline for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen to be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can . . . afford [a non-citizen] additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar.").

Parties seeking equitable tolling, meaning additional time beyond the ninety-day period to file a motion to reopen, must show that (1) counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing, and (2) they have exercised due diligence in pursuing their claims. *Rashid*, 533 F.3d at 130–31.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

In addition, individuals claiming ineffective assistance of counsel in removal proceedings must substantially comply with procedures laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).   Specifically, they must file the following with the BIA: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the [non-citizen] notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the [non-citizen] filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so."   *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quotation marks omitted).