Gonzalez Gonzalez v. Blanche

BIA
Mungoven, IJ
A220 221 327/328

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> JOHN M. WALKER, JR.,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

DIANA CAROLINA GONZALEZ GONZALEZ, A.S.T. G.,

*Petitioners,*

v.

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent.\**

23-7916

NAC

_____

FOR PETITIONERS:           Michael Borja, Borja Law Firm, P.C., Jackson

Heights, NY.

**FOR RESPONDENT:**       Brian M. Boynton, Principal Deputy Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Diana Carolina Gonzalez Gonzalez and her minor daughter, both natives and citizens of Ecuador, seek review of a November 1, 2023, decision of the BIA affirming a September 28, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]   *In re Gonzalez Gonzalez*, Nos. A 220 221 327/328 (B.I.A. Nov. 1, 2023), *aff'g* Nos. A 220 221 327/328 (Immigr. Ct. N.Y.C. Sept. 28, 2022).   We assume the parties' familiarity with the underlying facts and procedural history.

---

\* The Clerk of Court is directed to amend the caption as set out above to reflect the abbreviation of the minor Petitioner's name.

[1]   We principally refer to Gonzalez Gonzalez because both Petitioners' applications were based on her affidavit.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding under the substantial evidence standard, and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

**I.    Asylum and Withholding of Removal**

To establish eligibility for asylum and withholding of removal, Gonzalez Gonzalez had to show that she suffered past persecution or had a well-founded fear of future persecution and that a protected ground—here, membership in a particular social group—"was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard also applies to withholding of removal).[2] To constitute persecution, abuse must be sufficiently severe. *See Mei*

---

[2] Gonzalez Gonzalez's argument that a different nexus standard applies to withholding of removal overlooks this binding precedent.

3

*Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (quotation marks and citation omitted)). It must also be inflicted by government officials or by private actors whom the government is "unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quoting *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015)). Absent past persecution, an applicant must establish that her fear of future persecution "is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004), *superseded in part by statute on other grounds*, 8 U.S.C. § 1158(b)(1)(B)(iii).

The BIA found waived three issues that, taken together, are dispositive of asylum and withholding of removal: whether Gonzalez Gonzalez's past abuse rose to the level of persecution, whether she had an objectively reasonable fear of future persecution, and whether the Ecuadorian government was unable or unwilling to control her abusers. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Scarlett*, 957 F.3d at 328; *Ramsameachire*, 357 F.3d at 178. In her brief, Gonzalez Gonzalez does not acknowledge or challenge the BIA's waiver findings—which were correct, as she challenged only the IJ's nexus findings in her brief to the BIA. These issues are thus both unexhausted and abandoned, and we deny the petition

4

as to asylum and withholding of removal on that basis. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks and citation omitted)); *Prabhudial v. Holder*, 780 F.3d 553, 555-56 (2d Cir. 2015) (holding that "[w]here the agency properly applies its own waiver rule," our "review is limited to whether the BIA erred in deeming the argument waived" (quotation marks and citation omitted)); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Even if we were to reach the BIA's additional grounds for its decision, there was no error in the agency's conclusion that Gonzalez Gonzalez's proposed particular social group of "individuals who resist gang recruitment" is not cognizable, and substantial evidence supports the agency's conclusion that membership in such a group was not one central reason for Gonzalez Gonzalez's

abuse. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (noting that cognizability of a particular social group is a legal determination reviewed de novo); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

A cognizable social group must have "members who share a common immutable characteristic," be "defined with particularity," and be "socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *In re M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Particularity requires that the group be "defined by characteristics that provide a clear benchmark for determining who falls within the group" such that the group is not "amorphous, overbroad, diffuse, or subjective." *Id*. (quoting *In re M–E–V–G–*, 26 I. & N. Dec. at 239). Social distinction requires that "society as a whole views a group as socially distinct." *Id*. (citing *In re M–E–V–G–*, 26 I. & N. Dec. at 242). Gonzalez Gonzalez does not identify evidence supporting the conclusion that her proposed group of "individuals who resist gang recruitment" is perceived as a distinct group in Ecuadorian society, or that there is a clear consensus about what conduct would constitute "resistance" to a gang. Instead, she argues that her proposed group is comparable to a group consisting of witnesses who have testified publicly against

6

gang members—but she does not explain why resisting gang recruitment (which could include a variety of actions) has the same kind of clearly defined boundaries as public testimony.[3] *See Matter of S-E-G-*, 24 I. & N. Dec. 579, 584–88 (B.I.A. 2008) (holding that particular social group of El Salvadoran youth who refuse gang recruitment is not cognizable because it is not defined with particularity or socially distinct).

Moreover, the record does not compel the conclusion that Gonzalez Gonzalez's membership in such a group was one central reason for her abuse. "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). General crime conditions are not grounds for asylum and withholding of removal. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999). Gonzalez Gonzalez alleged that gang members assaulted and threatened her because they wanted her partner's brother

---

[3] In addition, Gonzalez Gonzalez significantly mischaracterizes the record by asserting that her circumstances are similar to the public testimony case because she participated in the "persecution" of "the criminals who murdered her mother." Pet'rs' Br. at 8. Gonzalez Gonzalez's claim was that she was assaulted by gang members who wanted to recruit her partner's brother and that the brother was murdered after she left the country; she did *not* allege that her mother was murdered or that she participated in a criminal investigation.

to join the gang, and she does not explain how that motive differs from the general criminal motive to expand a gang's ranks and assert its authority. *See Quituizaca*, 52 F.4th at 114–16 (holding that record did not compel the conclusion that a protected ground was "one central reason" for gang abuse when circumstances suggested that the gang was motivated by ordinary criminal incentives); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act].").

**II.  CAT**

A CAT applicant has the burden to establish that she will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7); *see*

8

*Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("In terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.").

Gonzalez Gonzalez first argues that the agency erred in requiring her to demonstrate that the government would acquiesce to her torture. However, as set forth above, the CAT regulations expressly define torture as harm "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity[.]" 8 C.F.R. § 1208.18(a)(1). That standard appears to be distinct from the unable-or-unwilling standard applicable to asylum and withholding of removal, and Gonzalez Gonzalez has not fleshed out an argument to the contrary, providing only a partial citation to an out-of-circuit decision that does not discuss the CAT regulations or government acquiescence to torture. Pet'rs' Br. at 12 (citing *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020)); *see Scarlett*, 957 F.3d at 336 (leaving it to BIA on remand to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture under the CAT"); *see also Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for

9

asylum and withholding of removal; the potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence.").

Otherwise, Gonzalez Gonzalez asserts that there was sufficient evidence of state action.   When "the agency's conclusion finds support in record evidence, [a petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion."   *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021).   The record supports the agency's conclusion that the government would not acquiesce to Gonzalez Gonzalez's torture given the arrest of a suspect in her partner's brother's murder following his family's report, and country conditions evidence of government efforts to curb gangs.   Gonzalez Gonzalez's unsupported assertion that "the testimony and provided evidence . . . shows the government was responsible for the issue by not protecting her after her assistance," Pet'rs' Br. at 13, does not compel a contrary conclusion and instead contradicts the record, as Gonzalez Gonzalez never alleged that she participated in reports to the police or otherwise assisted the government.

Given the defects in briefing by Petitioners' counsel, Michael Borja, a copy of this order will be forwarded to this Court's Grievance Panel.   As outlined

10

above, the Petitioners' brief does not address dispositive issues, provides insufficient citations for arguments, and misrepresents the factual record.  *See* Fed. R. App. P. 28(a).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court