Borja-Pacheco v. Blanche

BIA
Gundlach, IJ
A220 597 409, A216 699 203/204/205

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-six.

PRESENT:
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

LUIS GUILLERMO BORJA-PACHECO,
RUTH ALEXANDRA SANGURIMA-
LLIVIGANAY, S.A.B.-S., M.N.B.-S.,[1]
> *Petitioners,*

v.                                                         **23-8052**
                                                          **NAC**

TODD BLANCHE, ACTING UNITED

---

[1] We use only initials to refer to the minor petitioners in this publicly accessible order.

**STATES ATTORNEY GENERAL,**[2]
      *Respondent.*

_____

**FOR PETITIONERS:**            Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**           Brian Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Nicole J. Thomas-Dorris, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Luis Guillermo Borja-Pacheco, Ruth Alexandra Sangurima-Lliviganay, and their minor children, natives and citizens of Ecuador, seek review of a November 17, 2023, decision of the BIA affirming an October 27, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Luis Guillermo Borja-Pacheco, et al.*, Nos. A 220 597 409, A216 699 203/204/205 (B.I.A. Nov. 17, 2023), *aff'g*

---

[2] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

2

Nos. A 220 597 409, A216 699 203/204/205 (Immig. Ct. N.Y. City Oct. 27, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding and the application of law to fact "under the substantial-evidence standard," *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 850 (2026), and we review questions of law de novo, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We have previously held that one issue here—whether a proposed social group is cognizable—is a question of law. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). We need not decide here whether the holding of *Paloka* survives the Supreme Court's decision in *Urias-Orellana* because the social group claim raised in this matter would fail under either substantial evidence or de novo review.

**I.      Asylum and Withholding of Removal**

The petitioners had the burden to establish past persecution or a fear of future persecution, 8 C.F.R. §§ 1208.13(b), 1208.16(b), and that "race, religion,

3

nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (the "one central reason" standard applies to both asylum and withholding of removal).[3] Because the petitioners sought relief based on membership in a particular social group, they had to show both that the group is cognizable and that there is a nexus between group membership and the persecution. *See Paloka*, 762 F.3d at 195–97.

The petitioners proposed two particular social groups: (1) "witnesses to criminal activity" and (2) people offering "active resistance to gang recruitment." Certified Admin. R. at 55-56. They have abandoned review of the agency's conclusion that the resistance-based group was not cognizable by not addressing it in their brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes

[3] *Quituizaca* forecloses Borja-Pacheco's claim that the one central reason standard for asylum does not also apply to withholding claims. *See also Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401, at *1 & n.1 (2d Cir. Oct. 3, 2023) (summary order); *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (summary order).

4

abandonment." (quotation marks omitted)). And they have not shown error in the agency's conclusion that the witness-based group is not cognizable.

A particular social group is cognizable if it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Relevant here, social distinction asks "whether society views a group as distinct"; it requires more than a "persecutor's perception," and "[p]ersecutory conduct aimed at a social group cannot alone define the group." *Id.* (quotation marks omitted). As to groups of witnesses or groups based on cooperation with law enforcement, we have found cognizable a group of witnesses to a set of war crimes where the names of the cooperating witnesses were on a public list. *See Gashi v. Holder*, 702 F.3d 130, 137 (2d Cir. 2012). And the BIA has held that "cooperation with law enforcement" may render a group cognizable "if the cooperation is public in nature, particularly where testimony was given in public court proceedings, and the evidence in the record reflects that the society in question recognizes and provides protection for such cooperation." *Matter of H-L-S-A-*, 28 I. & N. Dec. 228, 237 (B.I.A. 2021).

5

Here, the petitioners alleged that Borja-Pacheco directly requested help from police in 2019 but that he never filed the formal report as police requested, and that he called them in 2021, but they did not respond. Nothing about these actions reveals that Ecuadorian society perceives people taking such actions as a distinct group, nor was there a published witness list as in *Gashi* or support for an inference that the contacts with police were public or known to society at large. *See Gashi*, 702 F.3d at 137–38; *Matter of H-L-S-A-*, 28 I. & N. Dec. at 237. For the same reason, the petitioners' reliance on *Henriquez-Rivas v. Holder* is misplaced. There, the Ninth Circuit found cognizable a group of witnesses who had identified gang members in line-ups and testified against gang members in open court, 707 F.3d 1081, 1085–87, 1092–94 (9th Cir. 2013), but the petitioners here have not alleged such public actions.

Finally, while Borja-Pacheco testified that the gang told him that they did not care if he called the police, which he interpreted as evidence that the police and gang worked together, the gang's potential knowledge of his contact with police does not itself render the group cognizable. "[W]hat matters is whether society as a whole views a group as socially distinct, not the persecutor's

6

perception." *Paloka*, 762 F.3d at 196.[4]

**II.     CAT Relief**

CAT applicants have the burden to establish that they will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (requiring applicant to show both likely torture and "sufficient state action"). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7).

The petitioners argue that they did not have to show government acquiescence to prevail on a CAT claim, but only that the Ecuadorian government would be unable or unwilling to assist them. As the Government points out, this argument is unexhausted because it was never raised before the BIA. *See Vera*

[4] Because the failure to establish a cognizable particular social group is dispositive of asylum and withholding of removal, we do not reach the agency's internal relocation finding. *See Paloka*, 762 F.3d at 195–97; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

7

*Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."). More importantly, the regulations *do* require government involvement or acquiescence to state a CAT claim. *See* 8 C.F.R. § 1208.18(a)(1). Petitioners cite to a D.C. Circuit case that discusses the unable-or-unwilling standard in the context of an asylum claim. *See Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020).[5] But that case does not support petitioners' theory that the unable-or-unwilling standard applies equally to CAT claims, and our caselaw suggests the standards are different. *See Scarlett v. Barr*, 957 F.3d 316, 336 (2d Cir. 2020) (leaving it to BIA on remand to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture under the CAT"); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of removal; the potential for private actor

---

[5] We have rejected this argument in other cases briefed by counsel Michael Borja, albeit in summary orders issued after Borja submitted his brief in this case. *See, e.g.*, *Valverde Lopez v. Bondi*, No. 23-7233, 2025 WL 1466575, *2 (2d Cir. May 22, 2025) (summary order); *Sinchi-Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at *2 (2d Cir. Nov. 6, 2024) (summary order).

violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence.").

In any event, even applying the "unable-or-unwilling" standard, the petitioners' assertion that the Ecuadorian government did nothing to assist them does not compel a conclusion contrary to the agency's. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled an acquiescence finding different from that reached by the agency."). Borja-Pacheco asked the police for help but never filed a formal complaint, and the police on another occasion failed to respond to his call regarding the attempted kidnapping of his son by gang members. We have held, in the context of the unable-or-unwilling to protect standard for asylum, that an applicant must "show more than government failure to act on a particular report of an individual crime, or difficulty controlling private behavior." *Scarlett*, 957 F.3d at 331 (alterations and quotation marks omitted). And as the agency found, the country conditions evidence reflects the government's efforts to combat gangs, prosecute gang members, and investigate its own corruption. *See Quintanilla-Mejia*, 3 F.4th at 593–94; *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir.

9

2004) (acquiescence requires "that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court